1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CATHY THOMASON,[1]

11              Plaintiff,                    No. CIV S-07-1586 FCD KJM

12        vs.

13
     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,

15              Defendant.              FINDINGS & RECOMMENDATIONS

16   _____/

17              Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under

19   Title II of the Social Security Act ("Act").  For the reasons discussed below, the court

20   recommends that plaintiff's motion for summary judgment or remand be denied and that the

21   Commissioner's cross-motion for summary judgment be granted.

22   /////

23   /////

24   _____

25        [1]  The application for disability insurance benefits was filed by Richardson Lee
     Thomason, who is now deceased.  The instant action was filed by his widow.  References to
26   "plaintiff" herein are to the deceased applicant for disability benefits.

                                             1

I. Factual and Procedural Background

        In a decision dated September 16, 2006, the ALJ determined plaintiff was not disabled.[2]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has a severe impairment of mild degenerative disc disease, which does not meet or medically equal a listed impairment, as well as documented alcoholic cirrhosis and hepatitis; plaintiff retained the ability to perform a significant range of light work; plaintiff was precluded from performing his past relevant work; using the Medical-Vocational Guidelines as a framework for decision making and based on the testimony of a vocational expert, there are a significant number of jobs in the national economy

---

        [2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

                Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
                Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
                Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
                Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
                Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

        The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

1    that plaintiff can perform; and plaintiff is not disabled.  Administrative Transcript ("AT") 20-21.

2    Plaintiff contends the ALJ improperly discounted record medical opinions and improperly

3    discredited plaintiff's testimony and that of his wife.

4    II.  <u>Standard of Review</u>

5         The court reviews the Commissioner's decision to determine whether (1) it is

6    based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

7    record as a whole supports it.  <u>Copeland v. Bowen</u>, 861 F.2d 536, 538 (9th Cir. 1988) (citing

8    <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d 573, 575-76 (9th Cir. 1988)).

9    Substantial evidence means more than a mere scintilla of evidence, but less than a

10    preponderance.  <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996) (citing <u>Sorenson v.</u>

11    <u>Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

12    reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402

13    U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S.

14    197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, <u>Howard v. Heckler</u>,

15    782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

16    detracts from the ALJ's conclusion weighed.  <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir.

17    1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

18    supporting evidence.  <u>Id.</u>; <u>see also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If

19    substantial evidence supports the administrative findings, or if there is conflicting evidence

20    supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u>

21    <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

22    improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d

23    1335, 1338 (9th Cir. 1988).

24    /////

25    /////

26    /////

3

1   III.  <u>Analysis</u>

2       A.  Medical Opinions

3           Plaintiff contends the ALJ improperly rejected the opinions of two of plaintiff's

4   treating physicians, Drs. Kiekhaeffer and Farshad.  The weight given to medical opinions

5   depends in part on whether they are proffered by treating, examining, or non-examining

6   professionals.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is

7   given to the opinion of a treating professional, who has a greater opportunity to know and

8   observe the patient as an individual.  <u>Id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

9           To evaluate whether an ALJ properly rejected a medical opinion, in addition to

10  considering its source, the court considers whether (1) contradictory opinions are in the record,

11  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

12  treating or examining medical professional only for "clear and convincing" reasons.  <u>Lester</u>, 81

13  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

14  rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  <u>Id.</u>

15  at 830.  While a treating professional's opinion generally is accorded superior weight, if it is

16  contradicted by a supported examining professional's opinion (e.g., supported by different

17  independent clinical findings), the ALJ may resolve the conflict.  <u>Andrews v. Shalala</u>, 53 F.3d

18  1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).  In

19  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

20  findings.  <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,

21  minimally supported opinion rejected); <u>see</u> <u>also</u> <u>Magallanes</u>, 881 F.2d at 751.  The opinion of a

22  non-examining professional, without other evidence, is insufficient to reject the opinion of a

23  treating or examining professional.  <u>Lester</u>, 81 F.3d at 831.

24          Dr. Kiekhaeffer opined that plaintiff needed a cane to ambulate long distances and

25  that plaintiff suffered chronic severe back pain.  AT 95-97.  Dr. Farshad's opinion was that

26  plaintiff could not lift or carry even five pounds.  AT 193.  The ALJ rejected these opinions as

1    inconsistent with the objective medical record and based on plaintiff's discredited subjective

2    symptoms.  AT 18.  The ALJ instead relied on the opinions of the state agency physician who

3    opined that plaintiff could perform light work.  AT 184-191.  The only objective evidence cited

4    by plaintiff in support of the contention that the ALJ improperly rejected the opinions of the

5    treating physicians is the MRI report, dated March 7, 2006.  AT 199.  That report, however,

6    indicated no significant central canal or foraminal stenosis or evidence of neural compromise.  Id.

7    In addition, the ALJ correctly noted that Dr. Kiekhaeffer found normal reflexes and motor

8    strength and that Dr. Farshad's opinions were based on plaintiff's subjective complaints of pain

9    and limitations.  AT 17-18, 95, 193, 197.  Given the lack of objective findings, the ALJ

10   appropriately concluded that the opinions of Drs. Kiekhaeffer and Farshad were based on

11   plaintiff's subjective complaints which, as discussed below, the ALJ properly found not totally

12   credible.  The ALJ properly rejected opinions premised on plaintiff's properly discredited

13   subjective complaints.  See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

14        B.  Credibility

15        Plaintiff also contends that the ALJ improperly rejected the testimony of

16   plaintiff's widow, who testified at the hearing because plaintiff was deceased.  AT 312-326.  The

17   ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's

18   discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v.

19   Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit

20   credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.

21   Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

22   supported by "a specific, cogent reason for the disbelief").

23        In evaluating whether subjective complaints are credible, the ALJ should first

24   consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

25   F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

26   the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

5

1  medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

2  (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

3  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

4  prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

5  1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

6  55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

7  and effect of symptoms, and inconsistencies between testimony and conduct also may be

8  relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

9  to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

10  the ALJ in determining whether the alleged associated pain is not a significant nonexertional

11  impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may

12  rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458

13  (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172,

14  177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering,

15  the Commissioner's reasons for rejecting the claimant's testimony must be clear and

16  convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.

17  1999).

18           In rejecting the testimony of plaintiff's widow that plaintiff suffered from

19  disabling pain, the ALJ considered the limited and conservative treatment given plaintiff as

20  inconsistent with his allegations of severe symptoms.  AT 18, 98-183, 206-309.[3]  The ALJ also

21  noted that plaintiff exacerbated his back pain with certain physical activities, but that the pain

22

23           [3]  The records indicate that, at least for a period of time, plaintiff was prescribed vicodin
    or methadone for pain, underwent epidural injections, and received physical therapy.  See AT
24  101-103, 105, 156, 171, 216, 264.  The ALJ characterized this treatment specifically as "limited
    and conservative . . . and inconsistent with the medical response that would be expected if the
25  physicians found the symptoms and limitations to be as severe as alleged."  AT 18.  The court
    finds this characterization appropriate given the relative time periods during which various
26  treatments were administered and in that surgical options were never recommended.

resolved.  AT 18, 122, 128, 156, 277.  The ALJ also considered entries in the medical records indicating that plaintiff continued to work as a truck driver/fork lift operator/steel fabricator after the alleged date of onset of disability of November 1, 2004.  AT 18, 48, 128, 132.  The factors considered by the ALJ all were valid and supported by the record.  The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY RECOMMENDED that:

    1.  Plaintiff's motion for summary judgment or remand be denied, and

    2.  The Commissioner's cross-motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 2, 2008.

_____
U.S. MAGISTRATE JUDGE

006
thomason.ss.f&r

7